# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM E. GOLLIHER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL NO. 04-879-DRH** |
| **JACKSON COUNTY ILLINOIS** | ) | |
| **SHERIFF'S DEPT., MICHAEL TEAS,** | ) | |
| **ROBERT BURNS, DAN D. STONE,** | ) | |
| **RYAN SYKES, MIKE RYAN, MAX** | ) | |
| **SNYDER and FRED HUNZIKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Williamson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The claims in this action arise from a search conducted at Plaintiff's home by various employees of Jackson County. Plaintiff alleges that he sustained damages to his property due to Defendants' actions, for which he seeks reimbursement. He also seeks release from custody, and damages for the amount of time he has spent in custody.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are frivolous and thus subject to summary dismissal.

## PROPERTY DAMAGE

The primary claim in this action is for damages done to Plaintiff's property when Defendants "kicked [his] door in" without a properly signed and supported search warrant.  According to the complaint, all Defendants except Snyder participated in this unlawful search, and thus he claims that all but Snyder are responsible for over $10,000 in damage to his property.

> [T]he Fourth and Fourteenth Amendments provide a remedy when a citizen's property is unreasonably damaged during a search. *See United States v. Ramirez,* 523 U.S. 65, 71, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998) (holding that the "general touchstone of reasonableness which governs Fourth Amendment analysis, governs the method of execution of the warrant. Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression.") (citations omitted); *see also Daniels v. Southfort,* 6 F.3d 482, 486 (7th Cir. 1993).

*Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Based on the allegations in the complaint, the Court is unable to dismiss this claim at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## RELEASE FROM CUSTODY

In his prayer for relief, Plaintiff seeks release from custody.  However, a federal court can only provide such relief under habeas corpus jurisdiction, *see* 28 U.S.C. § 2254, but only after Plaintiff has exhausted his state court remedies.  Accordingly, his request for release from custody is denied without prejudice to Plaintiff refiling his claim in habeas corpus after exhausting his state court remedies.

<u>**D**AMAGES FOR **W**RONGFUL **I**NCARCERATION</u>

Plaintiff's final request is for damages to compensate himself and his family for the time they have spent apart due to his incarceration, which apparently resulted from the allegedly unlawful search executed by the Jackson County officials.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Id.* at 488.  Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.  Therefore, Plaintiff's claim for damages for his time in custody is dismissed without prejudice to his refiling claims upon reversal, expungement, or invalidation of his conviction.

**MOTION FOR PROTECTIVE ORDER (DOC. 8)**

In this motion, Plaintiff asks the Court to order all Defendants taken into custody; he believes that Defendants pose some sort of threat to his wife, children, and parents.  The Court finds that such an order is not warranted; accordingly, this motion is **DENIED**.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims for release from custody, and for damages due to his incarceration, are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendant **SNYDER** is **DISMISSED** from this action with prejudice, as Plaintiff states that Snyder was not involved in the search that caused his property damage.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **JACKSON COUNTY ILLINOIS SHERIFF'S DEPT., TEAS, BURNS, STONE, SYKES, RYAN,** and **HUNZIKER**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **JACKSON COUNTY ILLINOIS SHERIFF'S DEPT., TEAS, BURNS, STONE, SYKES, RYAN,** and **HUNZIKER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

- 4 -

With respect to former employees of Jackson County who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   May 27, 2005**


/s/    David RHerndon
**DISTRICT JUDGE**