IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM E. GOLLIHER, JR.**

    **Plaintiff,** *pro se*,

**v.**

**JACKSON COUNTY ILLINOIS
SHERIFF"S DEPARTMENT, et al.,**

    **Defendants.**                                        **Case No. 04-cv-879-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court is a Report and Recommendation ("R&R") (Doc. 65), issued by Magistrate Judge Proud, pursuant to **28 U.S.C. §§ 636(b)(1)(B)** and **(c)**, recommending that Defendants' Motions for Summary Judgment (Docs. 39 & 51) be granted in part and denied in part. Objections to the R&R were timely filed by Defendants (Docs. 66 & 67) and Plaintiff (Doc. 68). Plaintiff brings his Complaint pursuant to **42 U.S.C. § 1983**, for alleged deprivations of his constitutional rights. Upon the threshold review, performed pursuant to **28 U.S.C. § 1915A**, the Court identified Plaintiff's claims (Doc. 10).

The Court found Plaintiff stated a claim for property damage due to excessive force of entry - a violation of his Fourth Amendment rights - when Defendants conducted an alleged unlawful search of his residence without a warrant

or proper consent. Plaintiff alleged that during this unlawful search, Defendants unreasonably damaged his property in an amount over $10,000 (*Id*. at 2). This claim was not dismissed by the Court's threshold analysis. However, the Court denied Plaintiff's request for a protective order that all Defendants be taken into custody, finding such order was not warranted (*Id*. at 4). Additionally, the Court denied without prejudice Plaintiff's request for release from custody, stating that such claim should be brought in a writ of habeas corpus after Plaintiff has exhausted his state court remedies (*Id*. at 2). Further, the Court denied without prejudice Plaintiff's request for damages for wrongful incarceration, finding that such claim is only properly filed upon "reversal, expungement, or invalidation of his conviction" (*Id*. at 3).

Therefore, the Court takes this opportunity to clarify that the only pending claim in this action is Plaintiff's claim for property damage, which he claims was proximately caused by excessive force of entry during Defendants' unlawful search of his residence, subsequent to his arrest. Accordingly, the issue of whether Defendants reasonably relied upon the consent of a third-party (Plaintiff's wife) to search his residence without a warrant is not relevant to determine whether summary judgment should be granted in favor of Defendants regarding Plaintiff's property damage claim – despite the fact that the parties' briefings and the R&R seem to construe the issue of the validity of the search as a claim separate and apart from the property damage claim. The issue of Defendants' reasonable reliance, in and of itself, may become relevant at a later time, should Plaintiff have the opportunity to

re-file his wrongful incarceration claim and/or a writ of habeas corpus. Therefore, even though both sides have objected to the issue of whether Defendants' reliance upon third-party consent to search was reasonable, it is an unnecessary inquiry which does not bear significance on the Court's determination of whether there exists a genuine dispute of material fact regarding whether Defendants caused the alleged property damage to Plaintiff's residence.

## II. FACTUAL BACKGROUND

Plaintiff was arrested on March 10, 2004. That same day, Defendants contacted Plaintiff's wife, Cheryl Golliher, at work, explaining that they had arrested Plaintiff and asking if they could search their marital residence. She gave consent to search the residence. However, she did not tell Defendants that she and Plaintiff were currently separated (although still married), and that she was staying with her parents. Defendants searched the residence. Plaintiff alleges that they kicked in the door using excessive force of entry, thereby damaging his property, causing damage to the door jam and lock, which subsequently lead to several items within the residence being stolen. Plaintiff is currently incarcerated and in the custody of the United States Bureau of Prisons. At the time of the events giving rise to his claims, he was a pretrial detainee being held in the Williamson County Jail. Evidence through party affidavits shows the search was conducted by a majority of Defendants: the Jackson County Sheriff's Department Detective Ryan Sykes, Detective Mike Ryan and Lieutenant Michael Teas, as well as Grand Tower Officer Fred Hunziker and Deputy Kenneth Akins. Defendants Dan Stone and Robert Burns

did not participate in the search.

### III. ANALYSIS

**A.  LEGAL STANDARD**

    **1.  *De Novo* Review**

Because Plaintiff filed timely objections to the R&R, this Court must undertake *de novo* review of the objected-to portions of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id***.

    **2.  Summary Judgment**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c); *Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)** (citing ***Celotex*, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not

determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. **Celex Group, Inc. v. Executive Gallery, Inc., 877 F. Supp. 1114, 1124 (N.D. Ill. 1995)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. **Regensburger v. China Adoption Consultants, Ltd., 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which he or she bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing **Celotex, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson, 477 U.S. at 249-50** (citations omitted); *accord* **Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996)**; **Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." **Weeks, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. **Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 401 (7th Cir. 1997)**.

**B.     THE PARTIES' OBJECTIONS TO THE R&R**

**1.     Third-Party Consent**

The R&R found there was a dispute of material fact regarding whether Defendants reasonably believed that Plaintiff's wife could give consent to search the residence, considering she was separated from Plaintiff at the time and staying at another residence.  Both sides dispute this issue.  However, as the Court previously explained, this is not a separate and pending claim and has no legal bearing at this time upon whether there exists a dispute of material fact that Defendants used unreasonable force of entry when searching Plaintiffs' residence, causing the alleged property damage.

**2.     Property Damage**

Whether or not the entry was lawful, the Fourth and Fourteenth Amendments provide remedy when one's property is excessively or unnecessarily damaged during the course of such search.  ***Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003)(citing *United States v. Ramirez*, 523 U.S. 65, 71 (1998); *Daniels v. Southfort*, 6 F.3d 482, 486 (7th Cir. 1993))**.  Plaintiff alleges that during the course of the search, Defendants used excessive force of entry, causing damage to the door jam and breaking the lock on the front door, which led to several items from within the residence being stolen.  Plaintiff, as he was already arrested and detained, was not present for this search.  The R&R found that although the parties disputed whether there was any forced entry or damage done to Plaintiff's residence due to

Defendants' search, Plaintiff did not adequately bring forth any evidence refuting Defendants' assertion that there was no property damage caused by their search of the residence (Doc. 65, pp. 8-9).  Thus, the Magistrate Judge concluded that Defendants were entitled to summary judgment in their favor with respect to Plaintiff's claim for property damage (*Id*. at 9).

Plaintiff objects to this finding; Defendants, naturally, do not.  Therefore, the Court reviews the issue *de novo*.  Reviewing the evidence, the Court notes that Plaintiff was not present at the search.  Plaintiff also fails to list any specific items he claims were stolen or their approximate value.  Although he alleges both the door jam and lock were damaged, he failed to attach an invoice to show repair costs. Plaintiff has further failed to identify any witnesses that might have seen Defendants use excessive force of entry.  Plaintiff's wife, Cheryl Golliher, states in her first affidavit, submitted by Defendants in support of their Motion for Summary Judgment (Doc. 41), that "[n]o door was kicked in or damaged during the search" of the residence (*Id*. at ¶ 4).  Plaintiff objected to this affidavit, alleging it an untruthful product obtained by Defendants' coercion, submitting a later affidavit from Ms. Golliher, which states that when she arrived at Plaintiff's residence after the search had been conducted, "there was evidence of a forced entry as the door lock and door facing were damaged" (Doc. 43, Ex. 1, ¶ 6).  Yet, according to her statements, Ms. Golliher was also not present during the search, so she could not attest to whether the alleged damage was caused by Defendants use of excessive force of entry.  In fact, Plaintiff also submitted a letter from his wife, dated sometime after

her first affidavit but before her affidavit submitted by Plaintiff. In her letter, Ms. Golliher states, "[t]he residence . . . did have a broken lock and door jam. I do not know if this occurred before officers searched the residence or during the search (Doc. 43, Ex. 2, p. 2).

This is clearly a situation in which the Court cannot allow Plaintiff to solely rest on his allegations. Instead, as there has now been opportunity for the parties to conduct discovery, when a party thereafter moves for summary judgment, it is incumbent upon Plaintiff to then come forth with specific evidence that an material question of fact remains for trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276** (citing **Celotex, 477 U.S. at 324**). The Court again reiterates that "Plaintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." **Weeks, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. **Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 401 (7th Cir. 1997)**.

In this case, Defendants have submitted affidavits stating there was no damage caused to Plaintiff's property during their search of his residence. While it this is Defendants' own testimony, Plaintiff has not introduced any evidence whatsoever to support his conclusory allegation of property damage. As the R&R correctly noted, at the summary judgment stage, Plaintiff must show evidence to refute the statement of fact made in Defendants' affidavits (Doc. 65, p. 8). **Fed. R. Civ. P. 56(e); Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996)**.

Having failed to do so, the Court finds there exists no issue of material fact concerning Plaintiff's sole pending claim for property damage, caused in violation of his Fourth Amendment rights. Therefore, summary judgment shall be granted in favor of Defendant.

As an additional matter, the R&R found that because there was evidence that defendants Stone and Burns did not participate in the search of Plaintiff's residence, Plaintiff's claim against them could not survive summary judgment. Plaintiff did not object to this finding, conceding in his Supplemental Response to Defendants' Motions for Summary Judgment that he did not actually know which officers performed the search, as he was not present, and therefore "would seek the striking of any person not present . . ." (Doc. 56, p. 10). Therefore, this finding of the R&R stands.

Finally, in Plaintiff's Objections (Doc. 68), he stated that his Motion to Supplement his Response to Defendants' Motions for Summary Judgment (Doc. 56), was never ruled upon. However, it appears it was impliedly granted by the Magistrate Judge – Defendants had filed a Motion to Strike Plaintiff's Motion to Supplement (Doc. 57), which the Court denied, stating it would consider Plaintiff's supplement for what it was worth in response to the Defendants' Motions for Summary Judgment (Doc. 63). Therefore, Plaintiff's objection, in this regard, is moot.

## IV. CONCLUSION

The Court hereby **AFFIRMS IN PART AND VACATES IN PART** the finding of the R&R (Doc. 65).  Specifically, it affirms the R&R's finding that Plaintiff failed to show any evidence refuting Defendants' assertions that they did not cause damage to the property during the search of Plaintiff's residence, in violation of the Fourth and Fourteenth Amendments.  Thus, the R&R found no genuine dispute of material fact with respect to Plaintiff's claim for property damage and recommended granting summary judgment in favor of Defendants and against Plaintiff on this claim.  The Court vacates any specific finding or suggestion effectively made by the R&R that Plaintiff had a pending claim for unlawful search of his residence separate and apart from his property damage claim.  In sum, the Court **GRANTS** Defendants' Motion for Summary Judgment (Docs. 39 & 51), finding summary judgment should be granted in favor of Defendants and against Plaintiff on his Fourth Amendment property damage claim.  The Clerk is reminded that this does not constitute final disposition of the *entire* matter, as Plaintiff's wrongful incarceration and also his release from custody claims were initially dismissed *without* prejudice during the Court's threshold review (*see* Doc. 10).  However, this file may be closed as all matters in this file are concluded and final dispensation has been rendered.

**IT IS SO ORDERED.**

Signed this 29th day of September, 2006.

/s/      David   RHerndon
**United States District Judge**