IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM E. GOLLIHER, JR.,**

**Plaintiff,**

**v.**

**JACKSON COUNTY ILLINOIS
SHERIFF"S DEPARTMENT, et al.,**

**Defendants.**                                                    No. 04-cv-0879-DRH

## ORDER

**HERNDON, District Judge:**

Pending before the Court are Plaintiff's October 2, 2006 Pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 70); Plaintiff's Pleading to rescind order and consider the outstanding pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 72); and Plaintiff's motion to clarify judgment (Doc. 80). In Plaintiff's Pleading in support of new evidence and to amend and clarify original petition and to request new admissions, Golliher wants to introduce evidence that will show that was impossible for Cheryl Golliher to have given a key to the officers and that Golliher and his wife were separated for at least five months before the search of his home and that the officers knew of their separation, thus, the search of his home was unreasonable (Doc. 70). In the motion to rescind order, Golliher asks the Court to vacate its September 29, 2006 Order

and consider his Pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 72).  In his motion to clarify judgment, Golliher moves the Court to consider his "claim to a wrong to his 'privacy',..." arguing that the Court did not consider this in its September 29, 2006 Order.  Based on the following, the Court **DENIES** Golliher's Pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 70) and Plaintiff's Pleading to rescind order and consider the outstanding pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 72) and **GRANTS** Golliher's motion to clarify judgment.

On September 29, 2006, the Court entered an Order affirming in part and vacating in part a Report and Recommendation submitted by Magistrate Judge Clifford J. Proud (Doc. 69).[1]  Specifically, the Court granted Defendants' motion for summary judgment on Plaintiff's Fourth Amendment property damage claim and vacated any specific finding or suggestion effectively made by the Report that Plaintiff had a pending claim for unlawful search of his residence apart from his property damage claim (Doc. 69).  The Court noted that the file may be closed as all matters in this file are concluded and final dispensation had been rendered.  (Doc. 69, p. 10).  As to Golliher's claims that survived **28 U.S.C. § 1915A** review, the Order reiterated the following:

---

[1] In this Order, the Court set forth the procedural history and the facts of case.  Thus, the Court need not reiterate them here.

> "[t]he only pending claim in this action is Plaintiff's claim for property damage, which he claims was proximately caused by excessive force of entry during Defendants' unlawful search of his residence, subsequent to his arrest. Accordingly, the issue of whether Defendants reasonably relied upon the consent of a third-party (Plaintiff's wife) to search his residence without a warrant is not relevant to determine whether summary judgment should be granted in favor of Defendants regarding Plaintiff's property damage claim - despite the fact that the parties' briefings and the R&R seem to construe the issue of the validity of the search of the claim separate and apart from the property damage claim. The issue of Defendants' reasonable reliance, in and of itself, may become relevant at a later time, should Plaintiff have the opportunity to re-file his wrongful incarceration claim and/or writ of habeas corpus."

(Doc. 69, ps. 2-3).[2]

After reviewing Plaintiff's Pleading in support of new evidence and to amend and clarify original petition and to request new admissions and Pleading to rescind order and consider the outstanding pleading in support of new evidence and to amend and clarify original petition and to request new admissions, the Court finds that Golliher is asking the Court to review evidence that is not related to his property damage claim. The evidence that Golliher seeks to add goes directly to the validity of the search of his home and weather it was reasonable of Defendants to rely upon Cheryl Golliher's consent. This claim was not before the Court and the Court did not consider this type of evidence when it rendered its decision granting summary judgment in favor of Defendants on Golliher's property damage claim. Obviously, this evidence is unnecessary and irrelevant to his property damage claim. Thus, the

---

[2]On May 27, 2005, pursuant to **28 U.S.C. § 1915A**, the Court conducted its preliminary review of Golliher's complaint (Doc. 10).

Court **DENIES** Plaintiff's Pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 70) and Plaintiff's Pleading to rescind order and consider the outstanding pleading in support of new evidence and to amend and clarify original petition and to request new admissions (Doc. 72).

As to Golliher's motion to clarify judgment, Golliher contends that all claims have not been resolved, i.e. his privacy claims. However, a privacy claim did not survive the Court's preliminary review. The only claim that survived was Golliher's property damage claim. *(See* Doc. 10). As previously stated in its September 29, 2006 Order, "this file may be closed as all matters in this file are concluded and final dispensation has been rendered." (Doc. 69, p. 10). Thus, this matter is closed.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2007.


/s/      David RHerndon
**United States District Judge**