IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM E. GOLLIHER, JR.,**

**Plaintiff,**

**v.**

**JACKSON COUNTY ILLINOIS SHERIFF'S DEPARTMENT, et al.,**

**Defendants.**                                                                 No. 04-cv-0879-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is Golliher's motion for relief from judgment (Doc. 85). Specifically, Golliher, pursuant to Rule 60(b) moves this Court to enter an order relieving him from the Court's September 29, 2006 Order granting summary judgment. Defendants oppose the motion (Doc. 86). Based on the following, the Court denies Golliher's motion.

### II. Analysis

Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

The first five grounds for Rule 60(b) relief do not apply, as the record does not reveal

any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment. Nor has Golliher demonstrated any "other reason justifying relief" from the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. **Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" **Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Here, Golliher has presented no special circumstances justifying the extraordinary remedy. His motion merely takes umbrage with the Court's ruling, rehashes old arguments and makes new arguments that should have been raised previously. The Court remains convinced of the correctness of its position. Thus, the Court rejects Golliher's 60(b) relief.

### III. Conclusion

Accordingly, the Court **DENIES** Golliher's motion for relief from judgment (Doc. 85).

**IT IS SO ORDERED.**

Signed this 9th day of July, 2007.

/s/     David RHerndon
**United States District Judge**